UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

MEMORY FILM PRODUCTIONS, *et al.*,

               Plaintiffs,

    -against-

PETER MAKARA, *et al.*,

               Defendants.

---------------------------------------- X

**ORDER**

05-CV-3735 (BMC)(KAM)

**MATSUMOTO, United States Magistrate Judge:**

      Plaintiffs and counterclaim defendants Miletic, Mosic,
Lituchy, Friendly, Jenkins, Krainovich, Markowitz, Elich,
Vukcevic, D'Angelo, Nestorovic, Memory Film Productions, Inc. and
Jasenovac Research Institute (the "represented counterclaim
defendants") have submitted a letter (docket no. 246) dated April
20, 2007, in response to the court's April 11, 2007 order, which
directed that they provide factual and legal support for their
request that defendant Wanda Schindley's depositions of
plaintiffs/counterclaim defendants Aleksandar Mosic and Antun
Miletic, both of whom reside in Belgrade, Serbia, proceed by
telephone, rather than via an in-person deposition in Belgrade,
as Schindley has requested.  In their letter, and in a follow-up
letter dated April 26, 2007 (docket no. 252), the plaintiffs and
the represented counterclaim defendants also responded to that
portion of the court's April 11, 2007 order directing that they

1

provide information regarding the availability of counterclaim

defendants Vlado Vukcevic and Velimir Nestorovic for deposition.

Having reviewed the parties' submissions with regard to

these issues (docket nos. 233, 234, 237, 238, 246, 252, and 262),

the court orders that Schindley may conduct in-person depositions

of Mosic and Miletic in Belgrade, and that Schindley and counsel

for Nestorovic shall work together to schedule the deposition of

Nestorovic while he and Schindley are in Belgrade.

**The Depositions of Mosic and Miletic**

With regard to the depositions of Mosic and Miletic,

the court in its April 11, 2007 order directed counsel for

plaintiffs and the represented counterclaim defendants to submit

a letter addressing: (a) the legal basis for precluding Ms.

Schindley from taking the depositions of plaintiffs Mosic and

Miletic in Belgrade, and for limiting Ms. Schindley to taking

their depositions by telephone; (b) sworn or affirmed, translated

medical records and/or reports by Mosic's and Miletic's treating

physicians explaining whether and to what extent they are

medically unable to participate in an in-person deposition in

Belgrade, and the medical reasons why a telephone deposition is

preferable to an in-person deposition; and (c) complete copies of

Mosic's and Miletic's passports demonstrating that they have not

traveled abroad in the recent past.

In their April 20, 2007 letter to the court, plaintiffs and the represented counterclaim defendants included no medical documentation, but instead submitted an affidavit by counterclaim defendant Barry Lituchy addressing the health of Mosic and Miletic, based on his telephone conversations with Mosic. According to Lituchy, Mosic is 88 years old, is in critically poor health, and was confined to bed for the last two weeks under a doctor's care, although he has traveled to Vienna in the last twelve months. The condiction for which Mosic was confined to bed is unspecified and undocumented. (Docket no. 246, Lituchy Aff. ¶¶ 2, 3.) Lituchy states that Miletic is in his late 70s, has not travelled outside Serbia in the last twelve months, and that Mosic told Lituchy that Miletic was about to undergo knee surgery. (Id. ¶¶ 4, 5.) To date, counsel for plaintiffs and the represented counterclaim defendants has provided neither medical documentation nor copies of Mosic's and Miletic's passports to verify these claims.

Plaintiffs and the represented counterclaim defendants point to precedent within the Second Circuit favoring telephone depositions in certain circumstances. However, the cited cases all involve two factual scenarios inapplicable to the instant case. The first scenario concerns requests by the party *seeking the deposition* to do so by telephone. Fireman's Fund Ins. Co. v. Zoufaly, 93 Civ. 1890, 1994 U.S. Dist. LEXIS 15055 (S.D.N.Y. Oct.

21, 1994)(allowing plaintiff to conduct telephone deposition of non-party witness residing in California); <u>Advani Enters., Inc. v. Underwriters at Lloyds</u>, 95 Civ. 4864, 2002 U.S. Dist. LEXIS 15421 (S.D.N.Y. Oct. 18, 2000) (allowing plaintiff to take telephone depositions of two non-party witnesses residing in Egypt); <u>see also</u> Local Civil Rule 30.3 of the Eastern District of New York ("The motion of a party to *take* the deposition of an adverse party by telephone will presumptively be granted.") (emphasis added). In such cases, courts have noted that Rule 30(b)(7) of the Federal Rules of Civil Procedure authorizes courts to permit telephone depositions, and that permission to take a deposition by telephone "should be granted unless an objecting party will likely be prejudiced or the method employed would not reasonably ensure accuracy and trustworthiness." <u>Fireman's Fund Ins. Co.</u>, 1994 U.S. Dist. LEXIS 15055, at *1 (quotations and citations omitted).

The second scenario concerns requests *by the deponent* to be deposed by telephone, where the alternative to a telephone deposition is for the deponent to travel to the United States to be deposed within the district in which the action was filed. In such cases, some courts have allowed the plaintiff-deponent to be deposed by telephone, while others have required the plaintiff-deponent to travel to the district in which the plaintiff commenced the action to be deposed. <u>Compare</u> <u>Normande v. Grippo</u>,

01 Civ. 7441, 2002 U.S. Dist. LEXIS 501 (S.D.N.Y. Jan. 16, 2002) (allowing *pro se* plaintiff, a resident of Brazil, to be deposed by telephone rather than incur expense of flying to New York for deposition) with <u>Clem v. Allied Van Lines, Int'l Corp.</u>, 102 F.R.D. 938, 940 (S.D.N.Y. 1984) (". . . this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances"); <u>AIA Holdings, S.A. v. Lehman Bros., Inc.</u>, 97 Civ. 4978, 2002 U.S. Dist. LEXIS 9218 (S.D.N.Y. May 20, 2002) ("Since the plaintiff chooses the forum in which an action is brought, it is well settled that a plaintiff is ordinarily required to make him or herself available for a deposition in the jurisdiction in which the action is brought.").

Neither factual scenario supporting a telephone deposition is present here, where defendant Schindley, the party seeking the deposition of Mosic and Miletic, wishes to take and videotape their depositions in-person in Belgrade at her expense, rather than requiring Mosic and Miletic, who are plaintiffs and counterclaim defendants in this action, to travel to the United States for deposition. Unlike the factual scenarios in <u>Clem</u> and <u>AIA Holdings</u>, Schindley is not demanding that Mosic and Miletic appear for deposition in New York. Thus, even assuming the truth of the unsupported, hearsay statements regarding Mosic's and

Miletic's age and ill health, they will not suffer any greater
hardship by having to appear for a deposition in their home city
rather than participate in their depositions by telephone.
Indeed, Schindley has offered to take their depositions in their
homes if necessary.

As one commentator has noted, "The determination of a
telephone deposition's sufficiency should ordinarily be left to
the judgment of the deposing party."  7 James Wm. Moore et al.,
Moore's Federal Practice ¶ 30.24[1] (3d ed. 2005).  Here,
Schindley has asserted that an in-person deposition is
preferable, because it will be both easier and less expensive to
find and hire an official court interpreter in Serbia than in the
United States.  (Docket no. 262, 4/23/07 Letter by Wanda
Schindley, ¶¶ 8-9.)  The court finds that an in-person deposition
is also preferable in terms of ensuring the accuracy of the
depositions and interpretations, and avoiding the prejudice and
expenses Schindley would face were she required to conduct the
depositions of Mosic and Miletic by telephone, across continents
and time zones.  Mosic and Miletic have provided neither factual
nor legal justification for limiting Schindley to taking their
depositions by telephone.  Accordingly, the court orders that
Mosic and Miletic be deposed in Belgrade at a location convenient
to them.  In addition, because of the need for language
interpretation during their depositions, Mosic and Miletic may be

deposed for up to two hours each.

**The Depositions of Vukcevic and Nestorovic**

Plaintiffs and the represented counterclaim defendants state in their submissions that Vukcevic was made available for telephone deposition on April 27, 2007, but that Nestorovic will be in Serbia during May and will return to New York "sometime in May." (Docket no. 252, 4/26/07 Letter by Marshall Bellovin, Esq., at 2; Lituchy Aff. ¶ 7.) The court directs Schindley and counsel for Nestorovic to work together to schedule a date on which Nestorovic may be deposed while he and defendant Schindley are in Belgrade.

Schindley shall conduct the depositions of Mosic, Miletic and Nestorovic pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, which states that depositions may be taken in a foreign country "on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States."

A copy of this order will be transmitted to Schindley by fascimile.  Counsel for plaintiffs and the represented counterclaim defendants is directed to serve a copy of this order on all unrepresented defendants and file proof of service by May 11, 2007.

**SO ORDERED**.

Dated: May 9, 2007
　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　KIYO A. MATSUMOTO
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　Eastern District of New York