UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

MEMORY FILM PRODUCTIONS, *et al.*,

        Plaintiffs,

  -against-                                       **AMENDED ORDER**

PETER MAKARA, *et al.*,                              05-CV-3735 (BMC) (KAM)

        Defendants.

------------------------------------------------------------------------ X

------------------------------------------------------------------------ X

WANDA SCHINDLEY, PhD
    (a/k/a DALLAS PUBLISHING),

        Plaintiff,

  -against-                                         06-CV-5868 (BMC) (KAM)

BARRY LITUCHY,

        Defendant.

------------------------------------------------------------------------ X

**MATSUMOTO, United States Magistrate Judge:**

        Pending before the court are two motions by Wanda Schindley, *pro se* defendant and counterclaim plaintiff in the 05-cv-3735 action. First, Schindley has requested that she be reimbursed the costs of effecting service of process of her second amended answer and counterclaim upon those counterclaim defendants who failed to waive service upon them pursuant to Federal Rule of Civil Procedure 4(d). Second, Schindley has moved for sanctions against certain counterclaim defendants who failed to appear for depositions on court-ordered

1

dates, despite having been served with a notice of deposition. The court addresses each of Schindley's motions in turn.

## I. Schindley's Request for Reimbursement of Service Costs Under Rule 4(d)

Schindley's first request is contained in her motion for default judgment and sanctions, filed March 15, 2007, which, *inter alia*, seeks reimbursement of the costs she incurred in effecting service of process upon counterclaim defendants who refused to waive service of process pursuant to Federal Rule of Civil Procedure 4(d). (*See* docket no. 204, Motion for Default Judgment and Motion for Sanctions and Order by Wanda Schindley, dated 3/15/07 (the "3/15/07 Motion"), ¶¶ 15, 16, 20.) The Honorable Brian M. Cogan denied Schindley's motion for default judgment and sanctions on March 26, 2007, noting that "there is no legal obligation on the part of a defendant to execute a waiver of service." (*See* docket no. 210).

Although there is no legal obligation for a defendant to execute a waiver of service in the context of a default judgment, Federal Rule of Civil Procedure 4(d)(2) states that: "An individual, corporation or association that is subject to service . . . has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons." The rule requires that the notice and request for waiver:

>  (A) shall be in writing and shall be addressed directly to the defendant, if an individual . . . ;
> 
> (B) shall be dispatched through first-class mail or other reliable means;
> 
> (C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
> 
> (D) shall inform the defendant, by means of a text prescribed in an

> official form promulgated pursuant to Rule 84, of the
> consequences of compliance and of a failure to comply with the
> request;
>
> (E) shall set forth the date on which request is sent;
>
> (F) shall allow the defendant a reasonable time to return the
> waiver, which shall be at least 30 days from the date on which the
> request is sent . . . ; and
>
> (G) shall provide the defendant with an extra copy of the notice
> and request, as well as a prepaid means of compliance in writing.

Fed. R. Civ. P. 4(d)(2). Where a plaintiff provides notice and a request for waiver as required under Rule 4(d)(2), and a defendant located within the United States fails to comply with the request for waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2). *See Yalincak v. Sherman*, No. 07-cv-170, 2007 U.S. Dist. LEXIS 76989, at *5 (D. Conn. Oct. 17, 2007) (imposing costs of effecting service of process on defendants, where defendants declined to waive formal service); *Odom v. Kerns*, No. 99 Civ. 10668, 2000 U.S. Dist. LEXIS 12834, at *4 (S.D.N.Y. Aug. 31, 2000) (finding award for costs of service of process to be "mandatory" unless defendants demonstrated good cause for their failure to execute waiver of service).

Schindley has submitted documentation indicating that she mailed a summons, her second amended answer and counterclaim, two copies of the waiver of service form, and a stamped, return envelope, by certified mail, to counterclaim defendants Cliadakis, Cooper, D'Angelo, Friendly, Elich, Jenkins, Krainovich, Lituchy, Martjak, Nestorovich and Yelesiyevich. (*See* docket nos. 212, 214-222, and 235.) Other than counterclaim defendant Friendly, who signed the waiver of service form on February 22, 2007 (*see* docket no. 212), no other counterclaim defendants returned a waiver of service to Schindley. After failing to receive

waivers of service from the counterclaim defendants, Schindley proceeded to effect service of process--either personally or, where personal service was attempted but unsuccessful, substitute service--upon counterclaim defendants Cliadakis, Cooper, Elich, Jenkins, Krainovich, Markowitz, Nestorovich, Vukcevic and Yelesiyevich.  (*See* docket nos. 223-226, and 235, Affidavits of Service.)

Having reviewed the documentation submitted by Schindley, the court finds that Schindley has not demonstrated that she complied with the requirements of Rule 4(d)(2).  Based on Schindley's March 15, 2007 motion and the documentation she has submitted, it appears that Schindley mailed to the counterclaim defendants her second amended answer and counterclaim, along with a "summons, 2 copies of the waiver of service, and [a] stamped, return envelope" (3/15/07 Motion ¶ 8),[1] but did not include a notice and request for waiver, as required under Fed. R. Civ. P. 4(d)(2).[2]  Because Schindley failed to comply with the requirements of Rule 4(d)(2), the court cannot grant Schindley's request for reimbursement of her service costs.  *See Perez v. Westchester*, 83 F.Supp. 2d 435, 441 (S.D.N.Y. 2000) (declining to reimburse service costs under Fed. R. Civ. P. 4(d)(2) where notice and request were addressed to defendant's counsel, rather than defendant directly, and was not accompanied by copy of complaint or prepaid means of compliance in writing); *Weaver v. New York*, 7 F.Supp. 2d 234, 236 (W.D.N.Y. 1998) (noting that *pro se* plaintiff failed to comply with Fed. R. Civ. P. 4(d) because he did not provide

---

[1] *See also* 3/15/07 Motion at 9, Declaration of Wanda Schindley, dated 3/15/07.

[2] The court notes that Schindley could have provided an appropriate notice and request for waiver, in compliance with Fed. R. Civ. P. 4(d)(2), by including AO Form 398, titled "Notice of Lawsuit and Request for Waiver of Service of Summons," in her mailings to the counterclaim defendants.  A copy of AO Form 398 is appended to this amended order.

4

defendants with required notice and request for waiver of service).

## II. Schindley's Requests for Sanctions For Counterclaim Defendants' Failures to Appear at Depositions

Schindley has also moved for sanctions against counterclaim defendants Cooper, Nestorovich, and Yarker for their failure to appear at their depositions, on April 25, 2007 in New York for Cooper, April 26, 2007 in New York for Nestorovich, and April 27, 2007, by telephone for Yarker, who resides in Canada, despite being provided with notice. (*See* docket nos. 266-68, Motions For Sanctions Against Cooper, Nestorovich and Yarker, dated 5/3/07.)[3] The court first notes that Schindley did not submit documentation regarding any specific costs incurred as a result of the failure of Cooper, Nestorovich and Yarker to appear for their depositions. The motion with regard to Nestorovich is moot, because the court, at Schindley's request, has directed Nestorovich to provide answers to written interrogatories from Schindley. (*See* court order dated 8/23/07.) Similarly, the motion with regard to Yarker is apparently moot because Schindley voluntarily dismissed her counterclaim against him on June 26, 2007 (*see* docket no. 287) and has not indicated at court conferences that she intends to pursue Yarker's deposition or that she wishes to pursue sanctions against Yarker. With regard to Cooper, Schindley has requested in her sanctions motion that Cooper be ordered to appear for deposition in Texas. (Docket no. 266, Motion for Sanctions Against Steve Cooper, at 1.) The court declines to require Cooper, who resides in Hackensack, New Jersey, to appear for deposition in Texas, where Schindley resides. However, if Schindley still wishes to depose Cooper, who, like

---

[3] The court notes that all three individuals were provided with a copy of the respective motions for sanctions against them. (*See* docket nos. 266-68, Certificates of Service attached to motions for sanctions.) Yarker and Cooper did not respond to the motions against them.

Schindley, is appearing *pro se*, she may seek to schedule, on proper notice, and with sanctions if Cooper again fails to comply, an in-person deposition in New York or a telephone deposition, or she may propound written interrogatories upon him, as she has done with counterclaim defendants Elich, Jenkins, Krainovich, Nestorovich and Vukcevic.  Schindley shall serve notice of any in-person or telephone deposition of, or any written interrogatories upon, Cooper no later than November 16, 2007.  If Cooper again fails to submit to discovery, he is likely to be subject to sanctions, including but not limited to monetary sanctions, default, and/or preclusion of any defenses to Schindley's counterclaims against him.  Cooper must provide verified responses to any written interrogatories no later than thirty days after service.

Schindley is directed to serve a copy of this amended order upon the unrepresented counterclaim defendants and to mail proof of service to the court by November 13, 2007.  A copy of this amended order will be transmitted to Schindley by fascimile.

**SO ORDERED**.

Dated:  November 9, 2007
         Brooklyn, New York

/s/
KIYO A. MATSUMOTO
United States Magistrate Judge
Eastern District of New York

✏ AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: (A) _____

as (B) _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____ District of _____
and has been assigned docket number (E) _____.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) _____ days after the date designated below as the date on which this Notice and Request
is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of
_____, _____ .

 

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

 

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver